## WILLIAM N. M. CRAWFORD v. E. F. VENNUM.[1]

April 12, 1907.

Nos. 15,107—(81).

Appeal by defendant from a judgment of the municipal court of Minneapolis, entered pursuant to the findings and order of Waite, J. Affirmed.

*Chas. E. Bond*, for appellant.

*J. Le Roy Smith*, for respondent.

PER CURIAM.

The evidence in this case was not returned, and the sole question is whether the findings of fact justify the conclusions of law.

The court found that on December 6, 1905, the appellant, E. F. Vennum, and the respondent, Wm. N. M. Crawford, entered into a written partnership agreement which contained the following provision:

> It is hereby agreed by and between Wm. N. M. Crawford and E. F. Vennum, whereby said parties do enter into a partnership for the purpose of carrying on a real estate and brokerage business, whereby said Vennum agrees to furnish two-thirds of the capital and the said Crawford one-third of the capital, and that the profits derived therefrom shall be divided in like ratio, and all the expense in maintaining the office shall be borne in like ratio, and the said Crawford agrees that he will not dispose of his holdings within thirty days from date, and that if it is desired that within and not more than four months from date he will dispose of his holdings to the said Vennum, or any party designated by the said Vennum, for the amount of which the

[1] Reported in 111 N. W. 1132.

said Crawford invested, to wit, $166.67. And the said Vennum agrees to purchase or cause to be purchased the interest in said business according to the above-mentioned terms, at his election.

In pursuance of this agreement the plaintiff expended for the benefit of the partnership the sum of $166.67, which was used in purchasing office furniture for the use of the partnership, and which constituted one-third of the total value of the property of the partnership. The plaintiff continued to hold his interest in the partnership for more than thirty days after the date of the partnership agreement. On February 15, 1906, Crawford withdrew from the partnership, and thereafter Vennum remained in possession of all the partnership property. At the time of such withdrawal Crawford demanded that Vennum purchase or cause to be purchased the said Crawford's interest in the partnership, in accordance with the terms of the agreement. This Vennum refused to do.

The court found that Crawford was entitled to judgment against Vennum for the amount of money which he had invested in the partnership. The appellant contends that under the contract Vennum was entitled to elect whether or not he would purchase Crawford's interest. We think the contract is not susceptible of this construction. The words "at his election" refer to the option which Vennum reserved to either purchase the interest himself or cause it to be purchased by some person other than himself. The contract was unconditional and absolute. Under it Vennum was bound, upon demand being made in accordance with the terms of the contract, to purchase Crawford's interest himself or cause it to be purchased as therein provided. Having refused to do this, he was in default, and Crawford was entitled to recover the judgment which was awarded him by the trial court. The plaintiff proved the contract as he alleged it in his complaint. The judgment is therefore affirmed.